IN THE COURT OF CRIMINAL APPEALS OF TENNESSEE
AT NASHVILLE
Assigned on Briefs January 6, 2015 at Jackson

## STATE OF TENNESSEE v. JEREMIAH THOMAS SULLIVAN

**Appeal from the Circuit Court for Bedford County**
**No. 2013-CR-17684     Forest Durard,  Judge**

_____

**No. M2014-00568-CCA-R3-CD – Filed May 14, 2015**

_____

The defendant, Jeremiah Thomas Sullivan, pled guilty in the Bedford County Circuit Court to one count of aggravated sexual exploitation of a minor involving one to twenty-four images, a Class C felony; eight counts of aggravated sexual exploitation of a minor involving twenty-five or more images, a Class B felony; one count of sexual exploitation of a minor involving 100 or more images, a Class B felony; and two counts of solicitation of a minor, a Class B felony.  Following a sentencing hearing, the trial court used a combination of concurrent and consecutive sentencing to sentence him to an effective term of twenty-eight years in the Department of Correction.  On appeal, the defendant argues that the trial court erred by not merging the multiple convictions for aggravated sexual exploitation of a minor involving twenty-five or more images into a single offense and by imposing an excessive sentence.  Following our review, we affirm the judgments of the trial court.

**Tenn. R. App. P. 3 Appeal as of Right; Judgments of the Circuit Court Affirmed**

ALAN E. GLENN, J., delivered the opinion of the court, in which CAMILLE R. MCMULLEN and ROGER A. PAGE, JJ., joined.

Michael J. Collins, Assistant Public Defender, for the Defendant-Appellant, Jeremiah Thomas Sullivan.

Herbert H. Slatery III, Attorney General and Reporter; Tracy L. Alcock, Assistant Attorney General; Robert James Carter, District Attorney General; and Michael D. Randles, Assistant District Attorney General, for the Appellee, State of Tennessee.

**OPINION**

**FACTS**

At the guilty plea hearing, the prosecutor recited the facts upon which the State would have relied had the case proceeded to trial:

The factual basis is that in the early morning hours of March 5th of this year, a [woman] contacted the Sheriff's Department because she had been receiving text messages from what was then an unknown person, but the known cell phone number and text messages were mentioning that the sender wanted to have sex with [the woman] and her daughter who – and I believe even her son – and the daughter was seven years of age.

The son is also a minor.

The sender also requested that [the woman] send nude photographs of her children.

. . . .

The sender also asked if [the woman] would be interested in receiving nude photographs of persons who the sender identified as his niece and his daughter.

[The woman] came to the Sheriff's Department and showed what was on her phone.

The sender did send three photographs, two depicted young females, possibly as young as three or four years of age, in a state of nudity, with their genitals exposed. One was a girl, who appeared to be a teen, but was clothed.

. . . .

And the sender actually asked if [the woman] and her daughter would come to the residence and the 7-year-old girl could perform oral sex on the sender, while [the woman] watched.

The person gave his address[.]

. . . .

The next day, on March 6, [the woman] indicated she was still getting text messages from this individual. And it was about possibly meeting at a local hotel, again, for the purpose of having some sort of sexual contact with the daughter while the mother watched.

2

The Sheriff's Department personnel had [the woman] go ahead and set it up. But . . . they were, of course, in close proximity in an adjoining room and such.

So the defendant did appear. He came into the room. [The woman] was there. There was a code phrase that [the woman] was to give and when she gave that code phrase various members of the Sheriff's Department descended upon the room and took the defendant into custody.

. . . .

The defendant was interviewed, and he did admit that he had done those things: Sent the pictures and made the request. He also indicated he had a phone at home that had a large number of pornographic images on it and agreed to give permission for the deputies to retrieve it and examine it.

They got the phone. They examined it and, indeed, there were several hundred pornographic images, many of which clearly depicted small children.

They also examined his text logs. And it appeared that the defendant did quite a bit of soliciting and trading of images in that he clearly had conversations with a number of individuals seeking to obtain child pornography from them or see if they were interested in seeing some of the child pornography that he had. Again, the phone had, I believe 449 photos and videos, many of which depicted young children.

At the sentencing hearing, the defendant made an allocution to the court in which he apologized for his actions. The prosecutor introduced the defendant's presentence report, which reflected that the twenty-two-year-old defendant had dropped out of school in the eighth grade, had a history of misdemeanor convictions and probation violations, and had a very limited work history. The State also introduced the defendant's psychosexual evaluation, which revealed that the defendant was evaluated as having a moderate to high risk to reoffend.

The trial court found no mitigating factors but three enhancement factors applicable: the defendant's history of criminal behavior and criminal convictions in addition to those necessary to establish his range; the defendant's failure to comply with the conditions of a sentence involving release into the community; and the defendant's having been adjudicated to have committed a delinquent act as a juvenile that would constitute a felony if committed by an adult. See Tenn. Code Ann. § 40-35-114(1), (8), (16) (2014). The trial court, therefore, sentenced the defendant as a Range I offender

with 30% release eligibility to four years for the Class C felony in count one, and as a Range I offender with 100% release eligibility to nine years for the Class B felony in count two, ten years for the Class B felony in count three, eleven years for the Class B felony in count four, and twelve years each for the Class B felonies in counts five through twelve.

With respect to consecutive sentencing, the trial court found two criteria applicable: the defendant was an offender whose record of criminal activity was extensive and was a defendant who had been convicted of two or more statutory offenses involving sexual abuse of a minor with consideration of aggravating circumstances arising from the relationship between the defendant and victim[s], the time span of the defendant's undetected sexual activity, the nature and scope of the sexual acts and the extent of the residual, physical and mental damage to the victim[s]. See Tenn. Code Ann. § 40-35-115(b)(2), (5). The court, consequently, ordered that the defendant serve the sentences for counts two through six concurrently to each other but consecutively to the four-year sentence in count one and the sentences for counts seven through twelve concurrently to each other but consecutively to the sentences in counts two through six, for a total effective sentence of twenty-eight years.

## ANALYSIS

### I. Merger of Offenses

The defendant contends that his multiple convictions for aggravated sexual exploitation of a minor should have been merged into a single conviction "to prevent any double jeopardy issues." The State responds by arguing that the defendant has waived the issue by not raising it in the trial court. The State also argues that the defendant cannot show that he is entitled to plain error relief. We agree with the State.

As the State points out, the defendant did not raise the merger issue at the guilty plea hearing, at sentencing, or in a motion for new trial. Accordingly, the defendant has waived appellate review of this issue, absent plain error. See Tenn. R. App. P. 36(a). In order for us to find plain error: (a) the record must clearly establish what occurred in the trial court; (b) a clear and unequivocal rule of law must have been breached; (c) a substantial right of the accused must have been adversely affected; (d) the accused did not waive the issue for tactical reasons; and (e) consideration of the error is "'necessary to do substantial justice.'" State v. Smith, 24 S.W.3d 274, 282 (Tenn. 2000) (quoting State v. Adkisson, 899 S.W.2d 626, 641-42 (Tenn. Crim. App. 1994)). The presence of all five factors must be established by the record before we will recognize the existence of plain error, and complete consideration of all the factors is not necessary when it is clear from the record that at least one factor cannot be established. Id. at 283.

We agree with the State that the defendant cannot show any plain error in this case. Because the defendant did not raise the issue in the lower court, the State never had an opportunity to present the specific evidence in support of each charge, including on which of the 449 photos and videos it was relying for each separate count of the indictment. We conclude, therefore, that the defendant is not entitled to relief on the basis of this issue.

## II. Sentencing

The defendant contends that the total effective sentence of twenty-eight years is excessive given the facts and circumstances of his case. The State disagrees, arguing that trial court considered the relevant factors and imposed a sentence consistent with the purposes and principles of the Sentencing Act. We, again, agree with the State.

Under the 2005 amendments to the sentencing act, a trial court is to consider the following when determining a defendant's sentence and the appropriate combination of sentencing alternatives:

(1) The evidence, if any, received at the trial and the sentencing hearing;

(2) The presentence report;

(3) The principles of sentencing and arguments as to sentencing alternatives;

(4) The nature and characteristics of the criminal conduct involved;

(5) Evidence and information offered by the parties on the mitigating and enhancement factors set out in §§ 40-35-113 and 40-35-114;

(6) Any statistical information provided by the administrative office of the courts as to sentencing practices for similar offenses in Tennessee; and

(7) Any statement the defendant wishes to make in the defendant's own behalf about sentencing.

Tenn. Code Ann. § 40-35-210(b).

The trial court is granted broad discretion to impose a sentence anywhere within the applicable range, regardless of the presence or absence of enhancement or mitigating factors, and "sentences should be upheld so long as the statutory purposes and principles, along with any enhancement and mitigating factors, have been properly addressed." State v. Bise, 380 S.W.3d 682, 706 (Tenn. 2012). Additionally, the trial court may order

5

multiple sentences to run consecutively if it finds by a preponderance of evidence that any one or more of seven different factors apply, including the two found by the trial court in this case. <u>See</u> Tenn. Code Ann. § 40-35-115(b)(2), (5). We, therefore, review the trial court's sentencing determinations for an abuse of discretion with a presumption of reasonableness afforded to the trial court's decision. <u>See</u> <u>Bise</u>, 380 S.W.3d at 706; <u>State v. Pollard</u>, 432 S.W.3d 851, 860 (Tenn. 2013).

The record reflects that the trial court imposed the within-range sentences after proper consideration of the purposes and principles of our sentencing act, the defendant's presentence report and psychosexual evaluation, any enhancement and mitigating factors, and the criteria involved for the imposition of consecutive sentences. We conclude, therefore, that the trial court did not abuse its discretion in sentencing the defendant.

## **CONCLUSION**

Based on the foregoing authorities and reasoning, we affirm the judgments of the trial court.

_____<br>
ALAN E. GLENN, JUDGE